MICHELLE R. BURROWS OSB 86160
Michelle R. Burrows PC
420 SW Washington Ste. 300
Portland OR 97204
Telephone: 503/241-1955
Fax: 503/241-3127
Michelle.r.burrows@gmail.com

    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| BRETT LLOYD | ) |
| | ) Case No. 3:17-cv-00582JR |
|     Plaintiff | ) |
| | ) SECOND AMENDED COMPLAINT |
| v. | ) |
| | ) Malicious Prosecution; |
| JOHN GERHARD, JEFFREY WARNER, | ) 42 U.S.C. 1983 |
| ANNALISA BALL, CITY OF | ) |
| BEAVERTON,  a municipal Corporation | ) |
| Of the State of Oregon. | ) |
| | ) |
|     Defendants | ) |

**INTRODUCTION**

1.

This is a claim brought by plaintiff for violations of the 4th Amendment to the United

States Constitution for malicious prosecution and the state tort of malicious prosecution in the

unsuccessful prosecution of Lloyd without probable cause. The State acted as a knowing agent of

Ms. Ball and her lawyer to force a favorable result in a divorce proceeding by prosecuting Mr.

Lloyd wrongfully.

2.

This court has jurisdiction over Plaintiffs' claims of violations of federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of the defendants reside in the District of Oregon and Plaintiffs' claims for relief arose in this district.

4.

The court has supplemental jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

5.

Plaintiff is entitled to attorney fees pursuant to 42 U.S.C. 1988.

6.

Plaintiff timely filed a Notice of Tort claim pursuant to ORS 30.275(5).

**PARTIES**

7.

Plaintiff is a resident of the State of Oregon.

8.

Defendant John Gerhard was at all times relevant Deputy District Attorney for the County of Washington, State of Oregon. He is sued in their individual capacity for acts falling outside of the normal, statutory duties of a prosecutor under the laws of the State of Oregon. Defendant was acting under color of law.

9.

The City of Beaverton is a municipal subdivision of the State of Oregon and is a person for purposes of 42 U.S.C. 1983.

10.

Officer Jeffrey Warner was at all times a police officer with the City of Beaverton. He is sued in his individual capacity. Defendant was at all times acting under color of law.

11.

Defendant Annalisa Ball is a resident of the State of Oregon and is sued individually as a participant with the State of Oregon to bring false charges and a malicious prosecution against Plaintiff to gain an advantage in pending divorce proceedings.

**FACTUAL BACKGROUND**

12.

On or about October 31, 2014 attorney Kelly Lamarr and her client Annalisa Ball were engaged in a divorce proceeding against Plaintiff Lloyd. Ms. Ball initiated the divorce proceedings after threats by the State of Oregon they would remove her children from the home if she failed to file dissolution proceedings. The State of Oregon was also proceeding in a criminal prosecution against Mr. Lloyd which is now under direct appeal to the Court of Appeals.

13.

The property division issues in the divorce proceeding involve the division of the couple's assets including their residence, valued at $520,000, a 2009 Kia Sportage, a 2012 Kia Sorento. The issue of custody became moot when Mr. Lloyd was convicted. The couple had been together first in California and then Oregon for a period of well over a decade. The couple had three children. The couple were married at all relevant times herein.

14.

3 – SECOND AMENDED COMPLAINT

Mr. Lloyd was charged with several crimes in Washington County shortly after the divorce was filed. Police from the City of Beaverton investigated Mr. Lloyd based on allegations from a deeply troubled 14 year old girl, Mr. Lloyd's step daughter, Emma. Emma had been engaged in cutting of herself, accessing dark pornography websites and meeting with strange men via internet chat rooms. Emma met with one such man and was nearly kidnapped by him. Emma came to the attention of the police in that incident. Emma was the primary accuser of Mr. Lloyd after the "kidnapping" incident.

15.

Mr. Lloyd was accused of taking sexually exploitive photographs of his step daughter and of maintaining those photographs on his computer. No illegal photographs or videos of any minor were found on Mr. Lloyd's computer. Mr. Lloyd has filed appeals of the conviction based on several complaints against the officers and the prosecutors of fabricating evidence, withholding key Brady material and manufacturing a search warrant. Mr. Lloyd has obtained copies of two versions of a search warrant in which critical Brady material was edited out in order to obtain a warrant falsely.

15.

As part of the divorce proceedings Defendant Ball, through her lawyer Ms. Kelly Lamarr, made an Offer of Settlement to Mr. Lloyd in Washington County Case No. C141217 DRA The settlement offer demanded Mr. Lloyd accept the offer of settlement which transferred all of the marital assets to Ms. Ball and required one of the vehicle be sold and the proceeds divided. The offer also advised Mr. Lloyd that his failure to accept the offer of settlement would result in the filing of false charged with law enforcement claiming that Mr. Lloyd forged Ms. Ball's signature on the 2012 auto-loan with USAA Federal Savings Bank.

4 – SECOND AMENDED COMPLAINT

16.

The false allegations were given to Mr. Lloyd via his divorce lawyer, Henry LeSueur.
The vehicle in question, 2012 Kia Sorento OR769FHN, was purchased by the couple to
accommodate the couple's third child. In 2012 Lloyd refinanced the vehicle through the USAA
Savings Bank setting up payments to be taken automatically from his Chase Checking account.
Ms. Ball drove the vehicle daily for over two years. Ms. Ball had provided her e-signature to
USAA for all the electronic documents required to process the refinancing.

17.

The 2012 Kia Sorento had been purchased during their marriage approximately two years
prior to the allegations of forgery. Ms. Ball signed the purchase documents with an E-signature
which had been verified prior to signing. Ms. Ball's e-signature on the refinance documents
matched her other e-signatures. There was no forgery and the threat of false criminal charges to
force Mr. Lloyd to agree to the divorce settlement was both illegal and unethical. Ms. Ball
wanted a vehicle which was paid off and the Sorento had a loan attached to it. She arrived at the
false story to gain a benefit in the divorce.

18.

Mr. Lloyd refused to settle. Mr. Lemarr allegedly instructed Ms. Ball to file a claim of
forgery with the Beaverton Police Department. The Beaverton police department is the same
department which was then investigating Mr. Lloyd for the other criminal matters and engaged
with Mr. Pulver in acts of fabrication of evidence, removing exculpatory evidence from search
warrant affidavits and withheld Brady material.

19.

Ms. Ball met with Beaverton police officer Jeffrey Warner claiming that Mr. Lloyd had forged her signature on the USAA auto-loan for the 2012 Kia Sorento. Ms. Ball claims in the original complaint with the police that the couple was still married and that Ms. Ball claimed she did not know her name was on the original loan. Ms. Ball also signed a power of attorney authorizing her husband to put her name on the Sorento at the time of the refinance.

20.

Officer Warner forwarded the police report with the false information to the Washington County DA office. Officer Warner also sent supplemental reports to the DA claiming that he had obtained the USAA documents that "confirmed Brett Lloyd used Annalisa Ball's personal information (without her knowledge or consent) to include her social security number and signature to complete a loan application". This was false. The loan application was made through electronic signatures. Her signature was input into the system by Ms. Ball herself.

21.

As part of the criminal proceeding against Mr. Lloyd on the fraud charge emails were exchanged with Mr. Lloyd's criminal defense lawyer and his divorce attorney. Mr. Collins, lawyer for Mr. Lloyd on the criminal case, noted that the DA was "softening" their approach to the fraud charge so long as Ms. Ball was happy with the settlement of the divorce matter.

22

On November 20, 2014 Officer Warner contacted District Attorney Pulver and Gerhard concerning the alleged forgery complaint. Officer Warner advised the District Attorney that Ms. Ball and Mr. Lloyd were divorced at the time of the refinance of the 2012 Sorrento. Officer Warner committed this information to an official police report. The information was false.

23.

6 – SECOND AMENDED COMPLAINT

On January 19, 2015 Officer Warner completed his investigation and determined there was no evidence of criminal conduct by Mr. Lloyd or damages incurred by Ms. Ball. Officer Warner obtained the payment history by Mr. Lloyd determining that neither Ms. Ball nor USAA had suffered any financial losses.

24.

On February 9, 2015 Officer Warner as directed by DA Gerhard filed a Supplemental police report with the DA's office claiming Annalisa Ball and Lloyd were already divorced and "confirmed" that Lloyd had "forged" Ball's name on the electronic auto-loan documents. These assertions were false.

25.

On February 20, 2015 Mr. Lloyd was indicted on three counts related to the "forgery" of the car loan documents. He was charged with Aggravated Theft, Forgery in the First Degree and Computer Crime. Mr. Gerhard was the charging DA. Ms. Ball testified at the Grand Jury.

26.

On May 15, 2015 the prosecution against Mr. Lloyd in the "forgery" matter Washington County Case No. C150439CR was dismissed with prejudice by the State.

27.

There was no probable cause to believe that the original claims made by Ms. Ball were legitimate or truthful. The prosecutor brought an action against Mr. Lloyd with insufficient information or fact, complete absence of intent or harm and without probable cause. The Washington County prosecutor's office was also prosecuting Mr. Lloyd on the unrelated matter and sought to use the "forgery" prosecution to assist Ms. Ball—an alleged victim—in the divorce proceeding. The prosecutor's office also knew that Ms. Ball was involved in an active divorce

proceeding against Mr. Lloyd in which she was seeking all the substantial marital assets, sole

custody and significant support.

**FIRST CLAIM FOR RELIEF**: 4th Amendment
Malicious Prosecution
42 U.S.C. 1983

28.

Plaintiff realleges all facts previously raised herein.

29.

Plaintiff is entitled to be free from initiation of criminal proceedings from an improper

motive and without probable cause pursuant to the parameters of the 4th Amendment of the

United States Constitution.

30.

The prosecution against Mr. Lloyd lacked probable cause because there was no

subjective information which was objectively reasonable that Mr. Lloyd had committed any

crime or that any victim had been harmed. The prosecution by Mr. Gerhard and Officer Warner

was based on a prejudice and bias against Mr. Lloyd arising from another matter and the

inclination of the prosecutor's office to assist Ms. Ball in her divorce proceedings to further

punish Mr. Lloyd. The acts and omissions of Defendants in charging plaintiff with various

criminal charges when no evidence of probable cause existed to prosecute the action violated Mr.

Lloyd's protected rights and were objectively unreasonable based on the totality of the

circumstances and amounted to deliberate indifference to Plaintiff's protected rights. Defendants

violated the requirements of the 4th Amendment rights held by Plaintiff to be free from malicious

prosecution.

31.

The criminal prosecution of Plaintiff was dismissed by Defendants based on the illegal and unconstitutional actions taken against Plaintiff. The prosecution itself was not based in good faith but was based on vengeance and a misuse of official power to impose additional punishment on Plaintiff for perceived acts in another criminal case. The prosecution itself was based on false information which was easily disproved but was ignored. The prosecution itself lacked probable cause and was initiated and carried out for unconstitutional and unlawful purposes.

32.

All Defendants conduct was well defined by law and each defendant knew that their conduct was not only well below the standard prescribed by law but was illegal per se.

33.

As a result of these Constitutional violations Plaintiff suffered physical, emotional and financial injury. The extent of Plaintiff's damages will be more fully proven at trial.

**SECOND CLAIM FOR RELIEF**: Malicious Prosecution
State pendent claim
Individual defendants and City of Beaverton
34.

Plaintiff realleges all previous matters raised herein.

35.

Plaintiff was subject to malicious prosecution because the prosecution against him was not based in probable cause but on false testimony, false reports and illegal conduct. The prosecution was maintained through dismissal and the dismissal was favorable to Plaintiff.

9 – SECOND AMENDED COMPLAINT

36.

The prosecution against Plaintiff was maintained by all defendants despite actual knowledge the facts raised by Ball were false, were disputed by documentation from USAA, the parties were married at the time of the vehicle was purchased and that Ms. Ball wanted them to assist her in a more favorable result in her divorce proceeding. There was no subjective basis for the prosecution and the entire conduct of defendants was objectively unreasonable. The motivation of the prosecution was not to seek justice but purposefully to impose additional punishment on Plaintiff knowing there was no probable cause to prosecute. The maintaining of false and illegal prosecutions against citizens is not within the scope of the duties of a prosecutor or police officer.

37.

The prosecution maintained against Plaintiff lacked probable cause and was based on the intentional manipulation of information and fabrication of evidence. These actions are intentional, illegal and not immunized by law.

38.

As a result of the conduct by Defendants, Plaintiff suffered physical, emotional and financial injury. The extent of Plaintiff's damages will be more fully proven at trial.

WHEREFORE Plaintiff prays for judgment against the defendants as follows

1. Findings that the prosecution lacked probable cause, either subjective or objective;

2. That the prosecution of Plaintiff violated his protected rights and caused him harm;

3. Judgment against the individuals and the City of Beaverton for a sum of no less than $500,000 plus attorney fees, costs and further equitable relief including punitive damages against the individuals.

Dated this 11th day of August 2017.

Respectfully submitted,


/s/Michelle R. Burrows
Michelle R. Burrows OSB86160
Attorney for Plaintiff