IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRETT LLOYD, | Case No. 3:17-cv-00582-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| JOHN GERHARD, JEFFREY WARNER, ANNALISA BALL, CITY OF BEAVERTON, a municipal corporation of the State of Oregon, | |
| Defendants. | |

AIKEN, District Judge:

Now before the Court is defendant Annalisa Ball's Motion for Attorney Fees (doc. 88). Defendant moves for an award of attorney fees in the amount of $13,760 and costs in the amount of $699.22. For the reasons that follow, defendant's Motion for Attorney Fees is GRANTED.

## BACKGROUND

In April 2017, plaintiff sued defendant alleging that defendant provided false information to police officers during an investigation of plaintiff for forgery and theft.

That case was ultimately dismissed in 2015 because plaintiff was convicted and sentenced to prison for 25 years on separate charges. In the present action, plaintiff amended his complaint twice and finally served defendant in June 2018. In response, defendant filed a Special Motion to Strike (doc. 53) under Or. Rev. Stat. § 31.150 et seq, Oregon's anti-Strategic Lawsuits Against Public Participation statute ("anti-SLAPP"). In January 2019, Magistrate Judge Kasubhai issued his Findings and Recommendation ("F&R") (doc. 79), which recommended granting the Special Motion to Strike and awarding defendant reasonable attorney fees. On March 31, 2019, this Court adopted the F&R in its entirety and dismissed the case. (doc. 85.) Defendant now moves for an award of attorney fees and costs pursuant to the previous order. Plaintiff has filed no response in opposition to this motion.

## DISCUSSION

Oregon law governs the award of attorney fees in this case. *Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011). ("State laws awarding attorneys' fees are generally considered to be substantive laws under the Erie doctrine..."). The relevant state law governing this case is Oregon's anti-SLAPP statute, Or. Rev. Stat. § 31.150. Under Or. Rev. Stat. § 31.152(3), "[a] defendant who prevails on a special motion to strike made under ORS 31.150 shall be awarded reasonable attorney fees and costs." Defendant prevailed on her motion; therefore, attorney fees and costs are mandatory.

Next, the Court analyzes the reasonableness of the attorney fees and costs. "In determining a reasonable attorney fee award under Or. Rev. Stat. § 31.152(3), the trial court must consider factors enumerated in Or. Rev. Stat. § 20.075." *Biggar v.*

*Oregon Bd. of Optometry*, 2018 WL 2244704, at *1-2 (D. Or. May 16, 2018) (citing *Robinson v. DeFazio*, 286 Or. App. 789 (2017)). Or. Rev. Stat. § 20.075 requires a two-part inquiry.

> First, the Court must consider:
>
> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1). Second, the Court must consider:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
> (c) The fee customarily charged in the locality for similar legal services.
> (d) The amount involved in the controversy and the results obtained.
> (e) The time limitations imposed by the client or the circumstances of the case.
> (f) The nature and length of the attorney's professional relationship with the client.
> (g) The experience, reputation and ability of the attorney performing the services.
> (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). When analyzing the factors, a "court should 'includ[e] in its order a brief description or citation to the factor or factors on which it relies.'" *O'Connor v. County of Clackamas Eyeglasses*, 2016 WL 3063869, at *2 (D. Or. May 31, 2016) (citing *McCarthy v. Or. Freeze Dry, Inc.*, 327 Or. 185, 190-91 (1998)). However, the Court "'ordinarily has no obligation to make findings on statutory criteria that play no role in the court's decision.'" *Id.* (*citing Frakes v. Nay*, 254 Or. App. 236, 255 (2012)).

"Under [Or. Rev. Stat. §] 20.075(2), factor (a) generally relates to the reasonableness of the number of hours expended by counsel for the prevailing party, factors (c) and (g) generally relate to the reasonableness of the hourly rates charged, and factor (d) generally informs whether an upward or downward adjustment might be appropriate." *Id.* These factors are similar to the "lodestar" method for calculating reasonable attorney fees. *Id.* at 3. "The lodestar method yields a presumptively reasonable fee, subject to either upward or downward adjustment as appropriate." *Id.* at 3 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010)). Oregon courts have accepted and applied the lodestar method to Oregon statutes including ORS. 20.075. See *Strawn v. Farmers Ins. Co. of Or.*, 353 Or. 210, 221 (2013) ("The lodestar approach that the parties have used is at least a permissible one under the statutes involved," including Or. Rev. Stat. § 20.075); see also *ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co.*, 255 Or. App. 525, 554 (2013) ("The lodestar method that the trial court used is a commonly applied and permissible approach for determining the reasonableness of a fee award ....").

I. *Attorney Fees*

Here, the court finds factors (a)-(f) of ORS 20.075(1) support the award of attorney fees. The unreasonableness of plaintiff's claims is shown in the dismissal with prejudice of plaintiff's claim under the anti-SLAPP statute. Additionally, plaintiff filed various motions that were unnecessary, which required defendant's attorney to spend time researching each motion and document to determine in a response was necessary. An award of attorney fees in this situation would not deter others from asserting claims with merit. It would, however, deter those from asserting meritless claims during a divorce. Additionally, defendant was not served until June 2018, which was a year after the initial complaint was filed.

Under Or. Rev. Stat. § 20.075(2), the Court finds factors (a), (c), (d), and (g), the "lodestar" factors, support the amount of attorney fees. Defendant seeks $13,760 in attorney fees and $699.22 in costs for the work performed by Kristen Tranetzki, an attorney with Angeli Law Group LLC in Portland, and Ursula Lalović, a research and writing attorney at the same firm.

A. *Subsection (a): Reasonableness of Time and Labor*

The hours expended by defendant's attorney and Ms. Lalović is reasonable based on a review of the invoices and case law. The court in *Biggar* found the expenditure of 36.9 hours on a motion to strike unreasonable and lowered the number of hours to 20. *Id.* at 2. The court also lowered the number of hours performed on a reply down from 10.4 hours to 6. *Id.*

Here, defendant's attorney only spent 13.5 hours drafting the Special Motion to Strike. Additionally, defendant's attorney and Ms. Lalović spent 11.6 hours on analyzing and responding to plaintiff's multiple filings and 4.8 responding to plaintiff's objections to the F&R. Additionally, defendant's attorney and Ms. Lalović spent a total of 19.2 hours on the present Motion for Attorney Fees and declaration. Defendants are entitled to reasonable attorney fees for hours spent on preparing the fee claim. *See Khai v. County of Los Angeles*, 730 Fed. Appx. 408, 411 (9th Cir. 2018). The Court finds that number hours expended on the fee motion and declaration is reasonable.

B.  *Subsection (c) and (g): Fee customarily charged and experience of attorneys*

This Court uses the Oregon State Bar ("OSB") Economic Survey ("OSB Survey") as a benchmark to compare an attorney's billing rate with others in the same locality. *Biggar* at 3. The most recent survey was performed in 2017. OSB 2017 Economic Survey.[1]

The median hourly rate for an attorney in Portland, in private practice, and with 13-15 years of experience is $300; the mean hourly rate is $288. OSB Survey at 39. Ms. Tranetzki hourly rate is $300/hour. Ms. Tranetzki gave defendant a lowered rate due to the free speech issues implicated in this case. Her rates typically range from $300 to $450/hour. After a review of Ms. Tranetzki's credentials and the prevailing rates in Portland, the Court finds that $300/hour is reasonable.

---

[1] https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf

Ms. Lalović's hourly rate is $250/hour. Ms. Lalović has been licensed to practice law in California since 2001 and Oregon since 2017. She has practiced law full time for six years. The mean hourly rate for an attorney with 4-6 years is $249/hour, and the median is $250/hour. Thus, the Court finds the $250/hour rate is reasonable.

C. *Subsection (d): The amount involved in the controversy and the results obtained*

Plaintiff filed suit seeking damages of $500,000. Defendant achieved an early, expedited dismissal with prejudice of plaintiff's claim. The fact weighs in favor of finding the attorney fees as reasonable.

II. *Costs*

Under Or. Rev. Stat. § 31.152(3), defendant seeks reasonable costs. In the amount of $699.22. The costs were associated with fees and costs of research on Westlaw. The Court find $699.22 reasonable.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Attorney Fees (doc. 88) is GRANTED. Defendant Annalisa Ball is awarded attorney fees in the amount of $13,760 and costs in the amount of $699.22.

IT IS SO ORDERED.

Dated this 16th day of ~~December~~ January 2020.

_____
ANN AIKEN
United States District Judge