IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRETT LLOYD,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN GERHARD, JEFFREY WARNER, ANNALISA BALL, CITY OF BEAVERTON, a municipal corporation of the State of Oregon,<br><br>    Defendants. | Case No. 3:17-cv-00582-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

This Court previously granted defendant Annalisa Ball's Motion for Attorney Fees (doc. 91). Defendant now moves this Court to stay that order pending outcome of his appeal to the Ninth Circuit Court of Appeals. (doc. 92). For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

In April 2017, plaintiff sued defendant Ball, among others, alleging that she provided false information to police officers during an investigation of plaintiff for

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRETT LLOYD,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN GERHARD, JEFFREY WARNER, ANNALISA BALL, CITY OF BEAVERTON, a municipal corporation of the State of Oregon,<br><br>    Defendants. | Case No. 3:17-cv-00582-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

This Court previously granted defendant Annalisa Ball's Motion for Attorney Fees (doc. 91). Defendant now moves this Court to stay that order pending outcome of his appeal to the Ninth Circuit Court of Appeals. (doc. 92). For the reasons that follow, plaintiff's motion is denied.

## BACKGROUND

In April 2017, plaintiff sued defendant Ball, among others, alleging that she provided false information to police officers during an investigation of plaintiff for

forgery and theft. That case was ultimately dismissed in 2015 because plaintiff was convicted and sentenced to prison for 25 years on separate charges. In the present action, plaintiff amended his complaint twice and finally served defendant in June 2018. In response, defendant filed a Special Motion to Strike (doc. 53) under Or. Rev. Stat. § 31.150 et seq, Oregon's anti-Strategic Lawsuits Against Public Participation statute ("anti-SLAPP"). In January 2019, Magistrate Judge Kasubhai issued his Findings and Recommendation ("F&R") (doc. 79), which recommended granting the Special Motion to Strike and awarding defendant reasonable attorney fees. On March 31, 2019, this Court adopted the F&R in its entirety and dismissed the case. (doc. 85.) Defendant Ball then moved for an award of attorney fees and costs pursuant to the previous order, to which plaintiff did not respond. The Court granted the motion, awarding fees and costs to defendant Ball. (doc. 91)

## DISCUSSION

A request for a stay of a money judgment pending appeal is governed by Rule 62(d), which provides for a stay of execution upon posting of a supersedeas bond. *Sarver v. Hurt Locker LLC*, 2012 WL 12892147, (C.D. Cal. Feb. 12, 2012).

Fed. R. Civ. P. 62(d) provides that "[a]n appellant may obtain a formal stay of the judgment pending appeal by posting a supersedeas bond." *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197, n.6 (9th Cir. 2001) (internal citations omitted). The purpose of the supersedeas bond is to protect "the prevailing [party] from the risk of a later uncollectible judgment and compensates

him for delay in the entry of the final judgment." *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988).

In some cases, the posting of adequate security other than a bond may waive the supersedeas bond requirement. See *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990).

Alternatively, the district court may waive the bond requirement upon evaluation of the Dillon factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment ... (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon v. City of Chi.*, 866 F.2d 902, 904—905 (7th Cir. 1988); see also *Translogic Tech., Inc. v. Hitachi, Ltd.*, 2006 WL 897995 at *5—6 (D. Or. Apr. 6, 2006).

Here plaintiff has posted no supersedeas bond nor offered any form of substitute security. Further, plaintiff has made no argument for discretionary waiver of the bond requirement based on the above factors. The Court is sympathetic to the fact that defendant is currently incarcerated and has limited financial resources. However, "[t]he Court cannot place defendant['s] statutory right to recovery at risk solely on the basis of plaintiff's ability to pay." *Sarver v. Hurt Locker, LLC.*, 2012 WL 12892147 * 3; (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560—61 (9th Cir. 1977)). Indeed, some cases suggest that financial hardship shows a heightened need for a bond or other form of security to protect a defendant's right to enforcement. *Id.*

Accordingly, plaintiff's motion for a stay of enforcement of the Court previous attorney fee and costs award pending appeal is DENIED.

IT IS SO ORDERED.

Dated this 4th day of March 2020.

_____
ANN AIKEN
United States District Judge